# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2013

No. 12-60937
Summary Calendar

Lyle W. Cayce
Clerk

DRITON SHALA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 897 453

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Driton Shala, a native and citizen of the former Yugoslavia (now Kosovo), applied for asylum under the Immigration and Nationality Act (INA), withholding of removal under the INA, and withholding of removal under the Convention Against Torture (CAT), based on his religion, his political opinion, and his membership in a particular social group (homosexual males). The Immigration Judge (IJ) made an adverse credibility finding and determined that Shala failed to satisfy his burden of proof for asylum or withholding of removal.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60937

The IJ further determined that even if Shala was credible, Shala nevertheless failed to satisfy his burden of proof for asylum or withholding of removal. The IJ's decision was upheld by the Board of Immigrations Appeals (BIA) when it dismissed Shala's administrative appeal.

Shala argues that the IJ's adverse credibility determination was based on trivial inconsistencies. Because Shala's application was filed prior to the May 11, 2005, effective date of the REAL ID Act, the Act's amended standards for assessing credibility did not apply to his application. *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Under pre-REAL ID Act standards, when an IJ's credibility determination finds support in the record, that finding will be affirmed unless the record compels a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The inconsistencies between Shala's applications and his testimony show that the adverse credibility determination was supported by the record. *See id.* The opposite conclusion, that Shala was credible, is not compelled by the evidence. *See id.* Thus, we may not reverse this finding. *See id.*

In support of his appellate argument, including his argument for remand, Shala relies on various handbooks, memoranda, and country reports as well as his recent marriage. However, we are not bound by such materials. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009). Moreover, Shala did not rely on these materials before the IJ or the BIA. In reviewing a petition for review, this court's review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *see Kane*, 581 F.3d at 242. Finally, § 1252(a)(1) expressly strips this court of authority to order a remand for consideration of additional evidence. *See* § 1252(a)(1) ("the court may not order the taking of additional evidence under section 2347(c) of [Title 28]").

Shala also asserts that the IJ and the BIA violated his due process rights. Although he complains that the IJ's denials of his motions to change venue from Dallas, Texas, to New York City, New York, caused him extreme financial and

emotional hardship, he fails to show that the result in his case would have been different had the proceedings been conducted in New York City. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002). Moreover, Shala's complaint about the translator fails to show that a different translator would change the result in his case. *See id.*

Finally, Shala has abandoned his claim for withholding of removal under the CAT by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, the petition for review is DENIED.